Ciioss 3., delivered the opinion of the court. The petitioners allege that they held a claim against the estate of Jacob Buzzard, deceased, for the sum of fifty dollars, which was probated and presented to the administrator of the estate, who endorsed thereon his approval and allowance; that afterwards they caused the claim, so endorsed, to be filed in the office of the clerk of the probate court of Lafayette county, and that said clerk presented the same to the probate judge for the purpose of having it noted upon the record as a claim against said estate, and that the judge refused not only to class it, but forbid the clerk to enter it upon the records of the court. From a transcript of the proceedings in the probate court, submitted with the petition and made part ' of it, the approval and allowance by the administrator is shown as stated, and also to the refusal afterwards of the probate court to allow or spread it upon the records, upon the ground, as alleged by the judge thereof, that the same was not proved according to law. These are the material facts upon which the petitioners rest their motion for a writ of mandamus to be directed to the judge of the probate court, commanding him to class, and cause their claim to be entered upon the records, &c. The rule seems to be that, wher§ the party making the application has a legal right and no othpr specific legal remedy, the writ will not be denied. 4 Bac. Abr. 496. And such is the rule recognized by this court in the case of Goings vs. Mills, 1 Ark. Rep. 17, where it was held, 1st, that “the writ of mandamus is not to be considered a writ of right, but within the discretion of the court to grant or refuse itand 2d, that “the party applying for the writ must show a specific legal right and the absence of any other specific legal remedy, to induce the court to award it,” That the petitioners in the case presented, had a specific legal remedy by appeal to the circuit court is, to our minds, abundantly evident. The Revised Statutes, chap. 4, sec. 177, provide that “appeals shall be allowed from the court of probate to the circuit court; first, on all demands against an estate when the sum in controversy exceeds ten dollars ; second, on apportionments,’* &c., &c. An approval and allowance by an administrator previous to the action of the probate court, does not affect or destroy this remedy, as, by the provisions of our statute laws on the subject of the administration of estates, a supervisory and controling power is obviously conferred upon the probate courts over accounts thus situated, as well as all others presented by administrators for set-, tlement, If an appeal had been prayed for and refused, the application would have occupied a very different aspect. In that case the remedy now sought by mandamus would have been the appro-, priate, if not the only one, The application must be refused.